# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RICKEY A. TAYLOR,**

        Petitioner,

v.                                                                      Case No. 07-C-0180

**LARRY JENKINS,**
**Warden of Kettle Moraine Correctional Institution,**

        Respondent.

## DECISION AND ORDER

        Petitioner Rickey A. Taylor ("Taylor"), who is currently in state custody at the Kettle Moraine Correctional Institution in Plymouth, Wisconsin, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is challenging the lawfulness of his November 15, 2002, state conviction, following a court trial before the Milwaukee County Circuit Court, for one count of battery to a public passenger, habitual criminality. Taylor was sentenced to 11 years: seven years of incarceration to be followed by four years of supervised release.

        Taylor sought leave to proceed *in forma pauperis*. Such leave was denied by the Court's Decision and Order dated March 8, 2007. Taylor paid the $5.00 filing fee on March 14, 2007.

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." During the Court's initial review of habeas petitions, it examines the petition to determine whether the petitioner has set forth cognizable constitutional or federal law claims and has exhausted available state remedies.

Claims are exhausted when they have been presented to the highest state court for a ruling on the merits or when state remedies no longer remain available to the petitioner. *Engle v. Isaac*, 456 U.S. 107, 125 n.5 (1982). Before a federal court may consider the merits of a petitioner's claims, the petitioner must give the state's highest court an opportunity to review each claim where such review is "a normal, simple, and established part of the State's appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999). This means that in Wisconsin, state prisoners who wish to have their constitutional claims heard in federal court must first present the operative facts and controlling legal principles of those claims to the Wisconsin Court of Appeals and then to the Wisconsin Supreme Court. *Moore v. Casperson*, 345 F.3d 474, 486 (7th Cir. 2003).

Taylor raises one ground for relief, citing *Crawford v. Washington*, 541 U.S. 36 (2004) and the Sixth and Fourteenth Amendments.[1] The Confrontation Clause of the Sixth Amendment provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. This procedural guarantee applies to both federal and state prosecutions. Liberally construed, Taylor's petition asserts that his Sixth Amendment right to confront his accuser was violated.

At this juncture, it appears that Taylor has raised his claim before the Wisconsin Court of Appeals. However, he does not provide the result of that proceeding or the date a decision was issued.

Taylor also petitioned the Wisconsin Supreme Court for review. A copy of Taylor's petition for review dated February 20, 2007, is attached to the petition for a writ of habeas corpus which he filed with this Court.

Taylor's petition to this Court is also dated February 20, 2007. Taylor's petition is certified in accordance with Rule 3 of the Rules Governing Section 2254 Cases in the District Courts. (Pet. 13.) Under that rule, Taylor is deemed to have filed his petition with this Court the same day that he filed his petition for review by the Wisconsin Supreme Court.

Because Taylor filed his petition with this Court on the same day that he filed his petition for review with the Wisconsin Supreme Court, he had not exhausted his state remedies. Therefore, Taylor's petition for a writ of habeas corpus is not properly before this

---

[1] Taylor also refers to the state constitution. However, any such claim is outside the scope of federal habeas corpus relief. *See* 28 U.S.C. § 2254 ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court **only** on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.")

3

Court and his petition and this action are dismissed without prejudice. After Taylor has obtained a decision from Wisconsin Supreme Court on his petition for review of the Wisconsin Court of Appeals' decision, he may file a petition for habeas corpus relief with this Court.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Taylor's petition for a writ of habeas corpus and this action are **DISMISSED WITHOUT PREJUDICE** pursuant to Rule Four of the Rules Governing Habeas Corpus Proceedings in the District Courts because Taylor has not exhausted his state remedies.

This dismissal is not a ruling on the merits of Taylor's petition for habeas corpus relief.

The Clerk of Court **SHALL** enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 30th day of April, 2007.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa**
**Chief Judge**